Zoya Alexevna FYODOROVA, Plaintiff,

v.

NATIONAL ENQUIRER, INC. and Henry Gris, Defendants.

76 Civ. 2201 (RO).

United States District Court, S. D. New York.

Jan. 15, 1981.

---

43. *Id.* at 532, 69 S.Ct. at 1234.

## ORDER

OWEN, District Judge.

As amended, the report and recommendation of the magistrate is hereby made the order of this court.

## REPORT AND RECOMMENDATION

LEONARD BERNIKOW, United States Magistrate.

By memorandum and order dated September 22, 1980, Judge Owen referred defendants' motion, made pursuant to Fed.R. Civ.P. 37(a) and (b), to compel plaintiff to answer interrogatories to me. Oral argument was had on this motion on October 3, 1980 and at that time I made the following recommendations:

■ 1. Plaintiff should not be required to answer interrogatories under oath while she is residing in the Soviet Union. I make this recommendation because Judge Owen in his memorandum and decision of May 6, 1977, directed that certain portions of plaintiff's deposition be sealed because "the arguable risk to plaintiff outweighs all of the factors."

■ 2. Because of the above recommendation and to enable defendant to adequately prepare for trial, I further recommend that on or before February 2, 1981, plaintiff shall supply responses to the interrogatories prepared by counsel. These responses shall be subscribed by plaintiff's counsel, but need not be verified by plaintiff unless she is in the United States at the time they are served and filed. On or before March 2, 1981, plaintiff shall verify the answers to the interrogatories previously served by her counsel or any revisions or supplements one may make thereto. In the event plaintiff revises or supplements her responses, it is my further recommendation that the responses prepared by counsel shall not be used at trial. At argument, plaintiff's counsel expressed the fear that if plaintiff revised the interrogatory responses, the original set could be used to impeach plaintiff. To alleviate this fear I make the foregoing recommendation.

■ 3. The answers to the interrogatories concerning expert witnesses served and filed by plaintiff's counsel need only be answered within the scope of Rule 26(b)(4)(A)(i) of the Fed.R. of Civ.P. The answers to the interrogatories concerning expert witnesses shall set forth, with respect to each expert witness, the business address, present and prior business and professional affiliations, educational background, and an identification of any publications in the field relating to the expert's testimony.

Copies of this Report have been mailed this date to counsel for both sides who are hereby instructed that any objections to this Report should be filed at your Chambers, with a copy to me, by November 3, 1980.

Dated: New York, New York

October 20, 1980